Mark F. Anderson (SBN 44787)
Andrew J. Ogilvie (SBN 57932)
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street
Suite 914
San Francisco, CA 94104
Ph: (415) 651-1951
Fax: (415) 500-8300
mark@aoblawyers.com
andy@aoblawyers.com

Attorneys for Plaintiff Sylvia T. Vaquer

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Sylvia T. Vaquer, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT |
| v. | ) | |
| | ) | (Fair Credit Reporting Act |
| Equifax Information Services, LLC, | ) | 15 USC § 1681 et seq) |
| | ) | |
| | ) | DEMAND FOR JURY TRIAL |
| Defendant. | ) | |
| _____ | ) | |

**Preliminary Statement**

1.      This is an action for damages brought by individual consumer Sylvia T. Vaquer against defendant Equifax Information Services, LLC ("Equifax") for violations of the Fair Credit Reporting Act, 15 USC §1681 *et seq*. (FCRA).

**The Parties**

2.      Plaintiff Sylvia T. Vaquer is an individual and a resident of Oakland, California.

3.      Defendant Equifax Information Services, LLC is a Georgia corporation with its principal place of business in Atlanta, GA. Equifax is a nationwide credit reporting agency. Its credit reporting activities are subject to the terms of the FCRA.

**Jurisdiction & Venue**

4.      The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC §1681p.

5.      Venue is proper in this district. The activities in question arose in this district. Plaintiff is a permanent resident in Oakland, California.

**Description of the Case**

6.      On March 17, 2010, Juan P Garcia Rodriquez, who at the time was plaintiff's fiancé, filed a Chapter 7 bankruptcy proceeding in the U.S. Bankruptcy Court for the Northern District of California (case no. 10-42926).

7.      At the time of filing, Juan Garcia and plaintiff Vaquer jointly owned a 2008 Prius which was security for a loan from Toyota Motor Credit Corporation. Juan Garcia's Voluntary Petition listed the loan on his schedule of secured debts. Juan Garcia and plaintiff Vaquer have retained ownership of the Prius and made all payments on a timely basis as required under the terms of the car loan.

8.      Plaintiff Vaquer married Juan Garcia in late 2010.

9.      Plaintiff Vaquer has never filed a bankruptcy proceeding.

10.      Beginning in May 2013, plaintiff's Equifax credit reports stated that the Toyota Motor Credit loan was included in a Chapter 7 bankruptcy and that the date of first delinquency was in February 2010. The reports were false since plaintiff Vaquer never filed a bankruptcy proceeding and also because there never was a delinquency on the loan.

11.      Experian and Trans Union also reported the same information, but both credit bureaus corrected their reporting after plaintiff sent them dispute letters.

12.     Equifax, however, has failed and refused to correct its reporting of the Toyota Motor Credit account.

13.     Plaintiff sent Equifax a letter by certified mail, on July 24, 2013, explaining that although she was a joint account holder with her husband on the car loan, she had never filed a bankruptcy proceeding and therefore there should be no mention of bankruptcy on her Equifax credit reports. Plaintiff enclosed copies of her husband's bankruptcy discharge that shows she was not part of the bankruptcy proceeding. She also enclosed a payment history from Toyota Motor Credit showing all monthly payments were made on a timely basis. Plaintiff concluded by asking that her credit report be corrected.

14.     Also on July 24, 2013, plaintiff sent essentially the same letter to Experian and Trans Union since they were also reporting the inaccurate information concerning the car loan. In response, Experian and Trans Union quickly corrected their reporting on the loan.

15.     Plaintiff also disputed Equifax's inaccurate reports concerning the car loan on the following dates using Equifax's online dispute procedure: July 29, 2013; August 13, 2013; August 21, 2013; August 29, 2013; and September 4, 2013.

16.     Plaintiff sent a second letter to Equifax on September 5, 2013, disputing its reporting on the car loan, which remained unchanged. Plaintiff enclosed a copy of her husband's discharge from the bankruptcy proceeding to prove she did not file bankruptcy, a copy of the payment history and a letter from Toyota Motor Credit that states that their records show she never filed bankruptcy.

17.     On August 5, 2013; August 13, 2013; and September 5, 2013, Equifax sent the results of its reinvestigations, which were that the Toyota Credit account was being reported correctly.

18.     Upon receipt of plaintiff's disputes, Equifax was obligated to conduct a reasonable investigation of the disputes. However, Equifax failed and refused to conduct reasonable reinvestigations.

19. Despite plaintiff's efforts, defendant Equifax willfully, intentionally, recklessly and negligently repeatedly failed to follow procedures that would correct the inaccurate information.

20. In July 2013, plaintiff applied for a loan to purchase a condominium located in Oakland, CA. Although plaintiff had been pre-approved for a loan and had an escrow opened, the seller cancelled the sale because of the report that plaintiff had filed bankruptcy.

21. Plaintiff since has been unable to purchase a condominium because of Equifax's inaccurate credit reporting.

22. Plaintiff's credit reports have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding plaintiff from obtaining credit.

23. As a result of defendant's conduct, plaintiff has suffered actual damages in the form of (a) lost credit opportunities, b) harm to credit reputation and credit score, and (c) emotional distress in the form of mental pain, anguish, humiliation, embarrassment, anxiety and frustration. Plaintiff will continue to suffer the same for an indefinite time in the future, all to plaintiff's great detriment and loss.

**First Claim: Violations of the Fair Credit Reporting Act—Against Equifax**

24. Plaintiff incorporates by reference ¶¶ 1 through 23.

25. Section 1681i(a)(1) of the FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice.

26. In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

27.     Within the two years preceding the filing of this complaint, plaintiff notified Equifax of an inaccuracy contained in its reports and asked it to correct the inaccuracy.

28.     Equifax failed to conduct a reasonable reinvestigation of the inaccuracies that plaintiff disputed.

29.     Equifax failed to review and consider all relevant information submitted by plaintiff.

30.     Equifax to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit reports, information and file in violation of 15 USC § 1681e(b).

31.     As a result of the above-described violations of § 1681i and § 1681e(b), plaintiff has sustained damages.

32.     Equifax's violations of the FCRA were willful and therefore plaintiff therefore is entitled to also seek statutory and punitive damages.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1.     Actual, statutory and punitive damages;

2.     Injunctive relief;

3.     Costs and attorney's fees; and

4.     Such other relief as the Court may deem proper.

Dated: September 19, 2013.

ANDERSON, OGILVIE & BREWER LLP

By  /s/ *Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiff

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.

Dated: September 17, 2013

1

ANDERSON, OGILVIE & BREWER LLP

2

3       By  /s/ *Mark F. Anderson*
                Mark F. Anderson
4               Attorney for Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28